UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER ANDERSON,

       Petitioner,

v.

BARRY DAVIS,

       Respondent.
_____/

Case No. 2:09-CV-104

HON. GORDON J. QUIST

## **ORDER REJECTING REPORT AND RECOMMENDATION**

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on May 29, 2009. The Report and Recommendation was duly served on the parties. The Court has received an objection from Petitioner. Pursuant to 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. As discussed below, the Court finds Petitioner's objection has merit and rejects the Magistrate Judge's Report and Recommendation.

The Magistrate Judge concluded that Petitioner's habeas action was barred by 28 U.S.C. § 2244(d)(1)'s one year statute of limitations. The Magistrate Judge reasoned that: (1) the Michigan Supreme Court denied Petitioner's application to appeal on May 31, 2005; (2) Petitioner's 90-day period to appeal to the United States Supreme Court expired on August 29, 2005; (3) 321 days passed before Petitioner commenced his state court collateral review proceedings; (4) the statute of limitations began to run again on January 27, 2009, when the Michigan Supreme Court denied his application for leave to appeal; and (5) Petitioner failed to file this habeas action within the remaining 44 days of the limitations period.

In his objection, Petitioner argued that his habeas action was timely filed because the time to file a petition for a writ of certiorari in the United States Supreme Court did not begin to run until the Michigan Supreme Court denied his motion for reconsideration on July 26, 2005.

The statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Furthermore, the one year limitations period does not begin to run until the 90-day period during which a petitioner can seek review in the United States Supreme Court has expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33, 127 S. Ct. 1079, 1083 (2007). Finally, if any party timely files a petition for rehearing in a lower court, "the time to file the petition for a writ of certiorari . . . runs from the date of the denial of rehearing." Sup. Ct. R. 13.

Here, the Michigan Supreme Court denied Petitioner's motion for reconsideration on July 26, 2005. Under Supreme Court Rule 13, the 90-day period during which Petitioner could have sought review in the United States Supreme Court expired on October 24, 2005. Thus, the one year statute of limitations began to run as of October 24, 2005. The limitations period ran for 266 days before Petitioner began his state court collateral review proceedings on July 17, 2006. Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled during state court collateral review. Petitioner's state court collateral review ended on January 27, 2009, and Petitioner commenced this action 97 days later on May 4, 2009. Therefore, Petitioner filed his habeas petition 363 days after the end of his direct review and within the one year statute of limitations period for collateral review.

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (Docket #2) is rejected, Petitioner's habeas action is not barred by the statute of limitations. Petitioner's case shall proceed pursuant to all of this Court's rules and procedures.

Dated: November 10, 2009               /s/ Gordon J. Quist
                                       GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE