UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CHRISTOPHER ANDERSON,

        Petitioner,

v.                                                                                       Case No. 2:09-CV-104

BARRY D. DAVIS,                                                      HON. GORDON J. QUIST

        Respondent.
_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

Petitioner, Christopher Anderson, has filed Objections to the Report and Recommendation ("R & R") dated August 29, 2011, in which Magistrate Judge Greeley recommended that Petitioner's habeas petition be denied. Upon *de novo* review of the R & R, Petitioner's objections, Respondent's response, and the pertinent portions of the record, the Court will adopt the R & R's recommendation, but decline to adopt a portion of the R & R's reasoning.

Petitioner timely filed sixteen objections to the R & R. In response, Respondent addressed only Objection 5. This Court takes each objection in order, and uses Petitioner's label of each.

      **1.**      **Habeas Claim I.  Double Jeopardy misapplication of the law**

Petitioner contends that the Michigan Court of Appeals' application of *United States v. Dinitz*, 424 U.S. 600, 96 S. Ct. 1075 (1976), was objectively unreasonable. Petitioner made this same argument to the Magistrate Judge. This Court finds the R & R's analysis on this argument correct. The Michigan Court of Appeals' decision was neither contrary to, nor involved an unreasonable application of, the Supreme Courts decision in *United States v. Dinitz*, 424 U.S. 600, 96 S. Ct. 1075 (1976).

**2.     Double Jeopardy holdings not supported by the record**

Petitioner argues that the R & R incorrectly found that "[t]he prosecution did not know that the fingerprint evidence was relevant until the second day of trial." (Dkt. #42 at 9.) Rather, he contends, the prosecutor withheld this information until trial in an effort to "afford the prosecution a more favorable opportunity to convict the defendant," which is the very reason the Supreme Court upheld a claim of double jeopardy in *Oregon v. Kennedy*, 456 U.S. 667, 102 S. Ct. 2083 (1982) (internal quotations omitted). Petitioner also made this argument to the magistrate judge, as well as to the Michigan Court of Appeals on direct appeal. (*See* Dkt. #1, Attach. 1 at 3.)

A state court, not the R & R, made this finding of fact. (*See Id.*) Under AEDPA, a determination of a factual issue made by a state court is presumed to be correct, which the petitioner can rebut by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Petitioner has not rebutted the presumption by clear and convincing evidence. Petitioner points out the same facts on the record as he did before, which do not show by clear and convincing evidence that the prosecutor *knew* of the fingerprint evidence before the trial started. At most, the facts show that the prosecutor had a mistaken belief due to the initial fingerprint report, which is exactly what the state court found.[1]

Because the prosecutor made a mistake that was innocent or was beyond the prosecutor's control, the Michigan Court of Appeals correctly applied *United States v. Dinitz*, 424 U.S. 600, 609 (1976). Furthermore, as explained above, the Michigan Court of Appeals did not unreasonably apply *Dinitz*.

---

[1] The R & R, in quoting the Michigan Court of Appeals, states "the prosecutor, because of the initial fingerprint report, mistakenly believed that there <u>was</u> identifiable fingerprints on the drug evidence seized . . . ." (Dkt. #42 at 4 (emphasis added).) However, the Michigan Court of Appeals actually said "the prosecutor, because of the initial fingerprint report, mistakenly believed that there <u>were no</u> identifiable fingerprints on the drug evidence seized . . . ." (Dkt. # 1, Attach. 1 at 3.)

2

>  **3.  Habeas Claim II. Constitutional issues subjected to wrong standard of review**

Petitioner made this argument to the Magistrate Judge and the R & R correctly addressed this it. (*See* Dkt. #42 at 5-6.) Errors committed during post-conviction proceedings are outside the scope of federal habeas corpus review. *See Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir. 1986).

>  **4.  Habeas Claim III. Ineffective Assistance of Appellate Counsel claim not procedurally defaulted**

Petitioner objects to the R & R on the grounds that he did not procedurally default his ineffective assistance of appellate counsel claim by failing to raise it on direct appeal. This objection is dismissed because the R & R never made this finding. The R & R addressed the merits of Petitioner's ineffective assistance of appellate counsel claim.

>  **5.  Reference to MCR 6.508(D) is too ambiguous to support a finding of procedural default**

The R & R found several of Petitioner's claims to be procedurally defaulted. Petitioner objects by stating that brief orders citing Michigan Court Rule ("MCR") 6.508(D) are not explained orders invoking a procedural bar. *Guilmette v. Howes*, 624 F.3d 286, 289 (6th Cir. 2010). In this regard, Petitioner is correct. Therefore, in the instances that the R & R invoked the procedural default rule due to the Michigan Appellate Court or Michigan Supreme Court invoking MCR 6.508(D) in a brief order, this Court declines to adopt the R & R. Petitioner's claims, however, still fail. To be sure, this Court will look at each claim that the R & R found to be procedurally defaulted.

Brief orders citing MCR 6.508(D) are "ambiguous as to whether they refer to procedural default or denial of relief on the merits . . . ." *Guilmette*, 624 F.3d at 291. Where the last state court decision is ambiguous as to its reasons for not granting relief, the federal court on habeas review looks to the last "reasoned judgment rejecting the [federal] claim." *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct. 2590, 2595 (1991). The procedural default doctrine is applicable if "the last

3

state court to review [Petitioner's] conviction 'clearly and expressly' relied on [Petitioner's] procedural default in its decision affirming Petitioner's conviction." *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994).

In Habeas Claim IV(a), Petitioner argues that he is entitled to habeas relief because his trial counsel was ineffective for advising him to sign an affidavit where the only purpose was to secure a severed trial, even though the court had already denied a previous request for a severed trial. In Habeas Claim V, Petitioner argues that he is entitled to relief because of prosecutor misconduct. In Habeas Claim VIII, Petitioner argues that he is entitled to habeas relief because the instructions to the jury on conspiracy were incorrect, misleading and prejudicial. In dismissing each of these claims, the R & R relied on the Michigan Court of Appeals' brief order citing MCR 6.508(D). This reliance was improper. However, the R & R's finding that these claims were procedurally defaulted is still correct.

In this case, the state court on collateral review issued the last reasoned state court opinion. (Dkt. #40.) The state court found each of these habeas claims was procedurally defaulted by relying on MCR 6.508(D)(3). (*See* Dkt. #40 at 3-4, 7-8.) The majority of the opinion is devoted to analyzing why Petitioner procedurally defaulted many of the issues that he raised on collateral review. (*Id.*) The court found that Petitioner's appellate counsel on direct review was not ineffective, and therefore Petitioner could not show "cause" for failing to raise these issues. (*Id.*) A showing of "good cause" for failing to raise a claim on appeal is a requirement of MCR 6.508(D)(3) to raise an issue on collateral review. *See* MCR 6.508(D)(3)(a). Thus, the last reasoned state court opinion clearly relied on MCR 6.508(D)(3) in dismissing Petitioner's claims.

In Habeas Claim IV(b), Petitioner argues that his trial counsel had a conflict of interest, which denied him his Sixth Amendment right to counsel. The R & R found this claim to be procedurally defaulted under MCR 6.508(D). However, Petitioner never raised this issue before the

4

state courts. Thus, the R & R is rejected insofar as it relied on MCR 6.508(D) to find Claim IV(b) procedurally defaulted. With that said, Claim IV(b) is still procedurally defaulted.

A petitioner must exhaust remedies available in the state courts before obtaining review of habeas claims. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). To fulfill the exhaustion requirement, a petitioner must have fairly presented the federal claims to all levels of the state appellate system. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 887 (1995). Petitioner did not present this claim in the state appellate courts and, therefore, it is unexhausted. But Petitioner cannot raise this claim in the state courts because under Michigan law, petitioner may file only one motion for relief from judgment per conviction. MCR 6.502(G)(1). Thus, "[i]f the claims presented in the federal court were never actually presented in the state courts, but a state procedural rule now prohibits the state court from considering them, the claims are considered exhausted, but are procedurally barred." *Cone v. Bell*, 243 F.3d 961, 967 (6th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53, 111 S. Ct. 2546 (1991)).

Therefore, Habeas Claim IV(b) is procedurally defaulted, unless petitioner is able to establish cause and prejudice, or a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2678 (1986). Even though the R & R incorrectly relied on MCR 6.508(D) to find Claim IV(b) procedurally defaulted, the R & R's ultimate finding that Claim IV(b) was procedurally defaulted is still correct.

**6.     Improper standard applied for ineffective assistance of appellate counsel**

The R & R applied the correct legal standard for ineffective assistance of counsel. (Dkt. #42 at 8-9.) Furthermore, the record is supported by the R & R's finding that Petitioner's appellate counsel raised several issues on direct appeal, and appellate counsel need not raise every colorable issue. *See Jones v Barnes*, 463 U.S. 745, 753, 103 S. Ct. 3308, 3312-14 (1983). Furthermore, in the instances that the R & R dismisses a claim due to procedural default, the R & R found no

"cause" or "prejudice" for failing to raise the claim, nor a fundamental miscarriage of justice. Thus, contrary to what Petitioner contends in this objection, the R & R addressed whether his procedurally defaulted claims should have been raised by his appellate counsel.

### 7. Objection 7

Generally, Petitioner states, "[t]he state court acted unreasonably again by finding that there can be no claim of ineffective assistance of counsel unless the appellate counsel himself admits to ineffective assistance of counsel."

The objection is overruled because it does not make a specific objection to the R & R; it argues that the state court acted unreasonably. Furthermore, this Court cannot locate any such finding made by the state court.

### 8. Objection 8

Petitioner cites case law on ineffective assistance of appellate counsel. Even assuming Petitioner's characterization of the law to be correct, Petitioner makes no specific objection to the R & R. Moreover, Petitioner makes no argument (at least in this objection) that the R & R misapplied the law that he cites. This objection is overruled.

### 9. Habeas Claim IV.  Ineffective Assistance of counsel

This objection is a restatement of Petitioner's Habeas Claim IV(a). As already discussed, as found by the R & R, Petitioner procedurally defaulted this claim and has not shown cause and prejudice, or a fundamental miscarriage of justice for failing to raise it.

### 10. Denied right to counsel.

Petitioner objects that the R & R incorrectly applied "prejudice analysis" despite this being a "conflict of interest claim." (Dkt. #43 at 7.) This objection is overruled because the R & R applied the proper standard. The R & R correctly concluded that Claim IV(b) was procedurally defaulted. Therefore, the correct analysis at that point was to determine whether Petitioner could

show cause and prejudice, or a fundamental miscarriage of justice, for failing to raise Claim IV(b) on direct review. *See House v. Bell*, 547 U.S. 518, 536, 126 S. Ct. 2064, 2076 (2006).

###### 11. Habeas Claim V. Prosecutorial Misconduct

Petitioner does not specifically object to the R & R. Rather, he attempts to reassert his Habeas Claim V. This Court agrees that Petitioner procedurally defaulted this claim, and he cannot show cause and prejudice, or a fundamental miscarriage of justice, for failing to raise it.

###### 12. The R & R misapplied judicial estoppel law

This objection is overruled because Petitioner's judicial estoppel claim is an effort to support Habeas Claim V. As the R & R found, Habeas Claim V was procedurally defaulted. Further, as the state court found on collateral review, as well as the R & R, Petitioner cannot show cause and prejudice for failing to raise this claim, or a fundamental miscarriage of justice.

###### 13. Habeas Claim VI. Improper and prejudicial drug profile evidence wrongfully admitted

This objection is overruled because the introduction of evidence in this case was a state law issue. (Dkt. #1, Att. 1 at 7-8.) The R & R correctly found that a federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. (Dkt. #32 at 1.) Petitioner does not make any argument of an unreasonable application of clearly established Supreme Court law in violation of the Constitution or laws of the United States.

###### 14/15. Habeas Claim VII. Denial of confrontation rights

This is not a specific objection to the R & R, but rather an objection to the overall conclusion with regards to Habeas Claim VII. In overruling this objection, this Court supplements the R & R's analysis of this issue to add an alternative basis for denying Petitioner's Habeas Claim VII, i.e., Habeas Claim VII is procedurally defaulted. The last reasoned state court opinion found this claim to be procedurally defaulted because Petitioner failed to show that he was prejudiced by his

7

appellate counsel's failure to raise the issue on direct review. (Dkt. #40 at 7.) The state court made this finding by relying on MCR 6.508(D) to establish Petitioner did not "get two bites at the appellate apple." (*Id.* at 4.) Petitioner procedurally defaulted this claim in state court because: (1) petitioner failed to comply with MCR 6.508(D); (2) the last reasoned state court opinion actually enforced MCR 6.508(D); and (3) MCR 6.508(D) is an "independent and adequate" state ground for properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004); *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005). Moreover, and in overruling Objection 15, Petitioner is unable to show actual prejudice by his appellate counsel's failure to raise the issue on appeal, or that lack of the federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House*, 547 U.S. at 536, 126 S. Ct. at 2076. As the state court noted, there was an abundance of other evidence that provided the same information as the alleged impermissible testimony. (*See* Dkt. #42 at 15.) Therefore, since a state law default prevented state consideration of Habeas Claim VII, this Court is precluded from considering the issue on habeas corpus review. *See Ylst*, 501 U.S. at 801, 111 S. Ct. at 2593.

**16.    Issue VIII.  Misleading and prejudicial jury instructions.**

Petitioner's objection rehashes his argument regarding Habeas Claim VIII that he made to the Magistrate Judge. As discussed above, and as the R & R concluded, Petitioner procedurally defaulted this claim.

Accordingly, all of Petitioner's objections are overruled.

## No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth

Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 29, 2011 (Dkt. #42) is **ADOPTED IN PART**. It is adopted except to the extent it invoked the procedural default rule due to the Michigan Appellate Court or Michigan Supreme Court invoking MCR 6.508(D) in a brief order. Furthermore, with respect to Habeas Claim VII, the R & R's analysis is supplemented to add that Petitioner procedurally defaulted this claim.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.


Dated: November 23, 2011                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE